IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| SOUTHERN UTAH WILDERNESS ALLIANCE and NATURAL RESOURCES DEFENSE COUNCIL, and THE WILDERNESS SOCIETY,<br><br>    Plaintiffs,<br>vs.<br><br>BUREAU OF LAND MANAGEMENT, THE UNITED STATES DEPARTMENT OF THE INTERIOR, and DIRK KEMPTHORNE,<br><br>    Defendants,<br>and<br><br>BILL BARRETT CORPORATION and ENDURING RESOURCES, LLC<br><br>    Intervenor-Defendants. | MEMORANDUM DECISION AND ORDER<br><br>Case No. 2:08CV64 DAK |

This matter is before the court on Defendants Bureau of Land Management, United States Department of the Interior, and Dirk Kempthorne's (collectively referred to as "Defendants") Motion to Dismiss for lack of jurisdiction. Intervenor-Defendant Bill Barrett Corporation ("BBC") has also joined in the motion. A hearing on the motion was on August 28, 2008. At the hearing, Defendants were represented by Jared C. Bennett; Plaintiffs Southern Utah Wilderness Alliance, Natural Resources Defense Council, and The Wilderness Society (collectively referred to as "SUWA") were represented by

Stephen H.M. Bloch; Intervenor-Defendant BBC was represented by Shawn T. Welch, and Intervenor-Defendant Enduring Resources, LLC, although not joining in the motion, was represented by Denise A. Dragoo.

Before the hearing, the court carefully considered the memoranda and other materials submitted by the parties. Since taking the motion under advisement, the court has further considered the law and facts relating to the motion. Now being fully advised, the court renders the following Memorandum Decision and Order.

## I. INTRODUCTION

In this case, SUWA contends that BLM's sale of certain leases violated NEPA's supplemental analysis requirement and/or that they violated NEPA because BLM did not fully consider the no-leasing alternative before issuing these leases. In this motion, however, Defendants argue that the lawsuit was not timely filed within the 90-day limitations period set forth in the Mineral Lands Leasing Act ("MLLA"), 30 U.S.C. § 226-2. Therefore, they argue, the government is immune from suit, and this court does not have jurisdiction. SUWA, on the other hand, argues that the case was timely filed.

The crux of the dispute is whether a Tenth Circuit case, *Park County Resource Council, Inc. v. United States Department of Agriculture*, 817 F.2d 609, 616-17 (10th Cir. 1987), which held that the 90-day limitation provision in 30 U.S.C. § 226-2 did not apply

to NEPA claims, has been abrogated or impliedly overruled.[1] BLM claims that *Park County* has been overruled and is no longer binding on this court, but SUWA disagrees. Intervenor- Defendant BBC joins in Defendants' argument and also argues that SUWA is barred by latches from pursuing this action.

## II. BACKGROUND

The MLLA, 30 U.S.C. §§ 181 to 287, authorizes the Secretary to issue oil and gas leases on federal public land. 30 U.S.C. §§ 223, 226. Leases are offered at competitive lease sales. 30 U.S.C. § 226(b). The Secretary awards the oil and gas lease to the party that has the highest bid at the lease sale "60 days following payment by the successful bidder of the remainder of the" bid made at the lease sale. *Id*. § 226(b)(1)(A).

In 1960, Congress amended the oil and gas leasing provisions in the MLLA. As part of these 1960 amendments, Congress enacted 30 U.S.C. § 226-2, which states: "No action contesting a decision of the Secretary involving any oil and gas lease shall be maintained unless such action is commenced or taken within ninety days after the final decision of the Secretary relating to such matter."

On February 18, 2004; June 25, 2004; December 10, 2004; and May 17, 2005,

---

[1] As discussed below, *Park County* was overruled on other grounds in *Village of Los Ranchos De Albuquerque v. Marsh,* 956 F.2d 970 (10th Cir.1992), but the question in this case is whether *Park County*'s reasoning as to the inapplicability of the MLLA statute of limitations issue has been undermined, abrogated, and/or impliedly overruled by *Village of Los Ranchos* and other subsequent cases.

BLM held competitive oil and gas lease sales. The Secretary, through BLM, issued all 63 leases that Plaintiffs challenge in this action on or about October 1, 2005. Over two years later, on January 23, 2008, SUWA filed the instant action under the Administrative Procedure Act ("APA"), 5 U.S.C. § 706. SUWA contends that the BLM's sale of the 63 leases violated NEPA's supplemental analysis requirement and that BLM's sale of 22 parcels at the June 2004 and May 2005 lease sales violated NEPA because BLM did not fully consider the no-leasing alternative before issuing these leases.

Defendants argue that the United States has not waived its sovereign immunity because SUWA failed to file this action within 90 days from the date that the Secretary issued the 63 oil and gas leases at issue, and, Defendants argue, the 90-day requirement found in 30 U.S.C. § 226-2 is a jurisdictional condition on the waiver of the United States' sovereign immunity. In *Park County,* the Tenth Circuit held that the 90-day limitation provision in 30 U.S.C. § 226-2 did not apply to NEPA claims. But, Defendants argue, *Park County* no longer binds this court. Therefore, Defendants argue, Plaintiffs' failure to file this action within 90 days from October 1, 2005 deprives this court of jurisdiction and requires dismissal of this action.

SUWA, on the other hand, argues that Defendants' motion must be denied because the critical holding of *Park County* is still binding on this court, and that consequently, under *Park County*, SUWA's NEPA claims in this matter are not subject to the MLLA's

90-day statute of limitations. According to SUWA, the Tenth Circuit's decision on this key jurisdictional issue has not been overturned by either the United States Supreme Court or an *en banc* panel of the Tenth Circuit and thus constitutes binding precedent that this court must follow.

### III. DISCUSSION

In *Park County*, the Tenth Circuit addressed the following two issues, among others. First, the court addressed whether 30 U.S.C. § 226-2 applied to NEPA claims. Second, the Court ruled on which standard of review should apply to review of NEPA claims. As to the first issue, the *Park County* court stated that NEPA is not subject to any statutorily imposed limitations period, including the 90-day limitations period in 30 U.S.C. § 226-2, but is subject only to the equitable doctrine of laches. *Id*. at 616-17. As to the second issue, the *Park County* court reviewed the plaintiff's NEPA claims and applied a "reasonableness standard" to its review of NEPA. *Id*. at 621 n.4. The court recognized that other circuits reviewed NEPA claims under the "arbitrary and capricious" standard of APA, but the Tenth Circuit opted to follow its prior holdings and employ a standard that was specific to NEPA claims instead of the APA. *Id*. Using its "reasonableness standard," the Tenth Circuit affirmed the government's NEPA analysis as adequate. *Id*. at 624.

Defendants argue that based on the analysis in *Park County*, the court assumed that

the APA was not the waiver of sovereign immunity for NEPA claims.  For example, if the *Park County* court had recognized the APA as the only waiver of sovereign immunity for NEPA claims, then it would have reviewed NEPA claims under one of the mandatory standards of review in the APA.  5 U.S.C. § 706.  Instead, the court created a separate "reasonableness" standard of review for NEPA claims, which is not a standard of review under the APA.  *See id*.  Also, according to Defendants, if the *Park County* court had recognized the APA as the only waiver of sovereign immunity for NEPA claims, then the court would have stated that NEPA claims are subject to the six-year limitation period applicable to APA actions.  Instead, the court asserted that NEPA is not subject to any statute of limitations and is only limited by the doctrine of laches.  *Id*. at 617.  Therefore, Defendants argue, the *Park County* court appears to have based its reasoning and holding on the assumption that NEPA claims are not subject to the APA's waiver of sovereign immunity.

Since *Park County*, however, both the Supreme Court and the Tenth Circuit have recognized that the APA is the only waiver of sovereign immunity for NEPA claims.  *See Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 882 (1990); *Utah Envlt. Cong. v. Richmond*, 483 F.3d 1127, 1134 (10th Cir. 2007).  Consistent with this recognition, the Tenth Circuit overruled the *Park County* court's holding that review of NEPA is subject to a "reasonableness standard."  *See Village of Los Ranchos De Albuquerque v. Marsh*, 956

F.2d 970, 973 (10th Cir. 1992). Now, the Tenth Circuit applies the APA's "arbitrary and capricious" standard of review for NEPA actions. *Id*. Further, the Tenth Circuit has abandoned the *Park County* court's statement that NEPA claims are not subject to any statute of limitations, as the Tenth Circuit now recognizes that NEPA claims are subject to the APA's general six-year limitations period. *See Chemical Weapons Working Group, Inc. v. U.S. Dep't of the Army*, 111 F.3d 1485, 1494-95 (10th Cir. 1997) (stating that NEPA claims are subject to the six-year limitations period under 28 U.S.C. § 2401(a)).

According to Defendants, the Supreme Court's and Tenth Circuit's post-*Park County* recognition that the APA is the only waiver of sovereign immunity for NEPA claims is significant because it abrogates the *Park County* court's reasoning as to why the MLLA's 90-day limitations period does not apply to NEPA claims. The *Park County* court stated that the 90-day limitation did not apply to challenges to the Secretary's decision "under NEPA." *Id*. at 616. Defendants contend that by recognizing that the APA is the only waiver of sovereign immunity for NEPA claims, the Tenth Circuit has logically placed NEPA claims squarely within the 90-day limitation period of 30 U.S.C. § 226-2.

While it is clear that certain components of *Park County* have been overruled, the court disagrees that these changes necessarily undercut the Tenth Circuit's determination that NEPA claims are not subject to the MLLA's 90-day limitations. Clearly, the Tenth

Circuit later overruled the *Park County* court's holding that review of NEPA is subject to a "reasonableness standard." *See Village of Los Ranchos De Albuquerque v. Marsh*, 956 F.2d 970, 973 (10th Cir. 1992). And the Tenth Circuit now recognizes that NEPA claims are subject to the APA's general six-year limitations period. *See Chemical Weapons Working Group, Inc. v. U.S. Dep't of the Army*, 111 F.3d 1485, 1494-95 (10th Cir. 1997) (stating that NEPA claims are subject to the six-year limitations period under 28 U.S.C. § 2401(a)). But neither of these alterations logically invalidates the premise of the *Park County* court's reasoning in finding that the MLLA's 90-day limitations period does not apply to NEPA claims.

The *Park County* court held that the plaintiffs' challenge to the Forest Service's failure to prepare an environmental impact statement prior to selling an oil and gas lease – a claim arising under NEPA – was not subject to the MLLA's 90-day statute of limitations found in 30 U.S.C. § 226-2. 817 F.2d at 616-17. *Id.* at 616. "The present action is not one 'contesting a decision of the Secretary of the Interior under the Mineral Leasing Act.' It is an action contesting a decision under NEPA, challenging defendants' decision to forego preparation of an EIS that plaintiffs contend is statutorily mandated." *Id.* (emphasis in original) (internal citation omitted).

In addition, there is nothing in *Lujan v. National Wildlife Federation*, 497 U.S. 871 (1990), *Village of Los Ranchos De Albuquerque v. Marsh*, 956 F.2d 970 (10th Cir. 1992),

*Chemical Weapons Working Group, Inc. v. United States Department of the Army*, 111 F.3d 1485 (10th Cir. 1997), or *Utah Environmental Congress v. Richmond*, 483 F.3d 1127, 1134 (10th Cir. 2007) that undermines the Tenth Circuit's reasoning as to the inapplicability of the MLLA's statute of limitations to a NEPA claim.

Even the Ninth Circuit's decision in *Turtle Island Restoration Network v. U.S. Department of Commerce*, 438 F.3d 937 (9th Cir. 2006), a case upon which Defendants heavily rely, is easily distinguished from the instant case. In *Turtle Island*, the Ninth Circuit held that the Magnuson Act's 30-day statute of limitations barred plaintiffs' challenge – under NEPA and other laws – to regulations re-opening the swordfish fishery promulgated by the Secretary of the Department of Commerce. *See id.* at 944 ("The plain language of [16 U.S.C.] § 1855(f)(1) leaves no room for discussion: the thirty day time limit applies whenever a party challenges '[r]egulations promulgated by the Secretary under the [Magnuson Act].'") (citation omitted). "The structure of the Magnuson Act is consistent with the reading of the [30-day] time limit. That such a limited window for judicial review exists *specifically with respect to regulation* makes sense in light of 16 U.S.C. §§ 1852-54, which establish a highly detailed and public process leading up to the adoption of regulations." *Id.* at 947 (emphasis in original) (citation omitted).

The court concluded by noting that "[t]he sky . . . is not falling:

9

> Section 1855(f) applies only to a very specific class of claims-those that clearly challenge regulations promulgated under the Magnuson Act. This regime would not, as [plaintiffs] suggest, affect every claim that may arise later. . . . NEPA imposes a continuing duty to supplement an existing EIS in response to "significant new information relevant to environmental concerns bearing on the proposed action or its impacts. We do not intend these examples to serve as an exhaustive list, but rather as illustrative of the many claims left untouched by § 1855(f).

*Id.* at 949 (internal citation omitted). SUWA's First Cause of Action in its amended complaint is precisely the NEPA claim that the *Turtle Island* court held could be pursued outside the Magnuson Act's 30-day statute of limitations: a challenge to BLM's failure to prepare supplemental NEPA analyses to consider significant new information about wilderness character.

Moreover, in *Montana Wilderness Association v. Fry*, 310 F. Supp. 2d 1127 (D. Mon. 2004), the court considered the precise issue present in the instant case. The court recognized that the MLLA states: "No action contesting a decision of the Secretary involving any oil and gas lease shall be maintained unless such action is commenced or taken within ninety days after the final decision of the Secretary relating to such matter." 30 U.S.C. § 226-2. The court found, however, that "[o]ther courts addressing this issue have concluded that the statute applies only when a plaintiff is alleging failure to comply with the Mineral Leasing Act; challenges that an agency failed to comply with NEPA are not governed by any specific limitations period." *Montana Wilderness Association v. Fry*, 310 F. Supp. 2d at 1142 (citing *Park County Res. Council,*

*Inc. v. U.S. Dep't of Agric.,* 817 F.2d 609 (10th Cir.1987), *overruled on other grounds, Village of Los Ranchos De Albuquerque v. Marsh,* 956 F.2d 970 (10th Cir.1992); *Jones v. Gordon,* 792 F.2d 821 (9th Cir.1986) (applying similar reasoning to the Marine Mammal Protection Act); *Aulston v. U.S.,* 915 F.2d 584, 588 (10th Cir.1990)).

Thus, the *Montana Wilderness* court recognized that *Park County* had been overturned on other grounds, but not on this particular ground regarding the applicability of the MLLA's statute of limitations. Indeed, the *Montana Wilderness* court further noted that, "[a]s noted by the *Park County* court, applying individual statutes' time limitations to NEPA challenges would undermine NEPA's purpose of protecting the human environment from federal action." *Id*. at 1142 (citing *Park County*, 817 F.2d at 616-17).

Accordingly, because *Park County*'s holding on this issue has not been overruled, abrogated, or otherwise undermined, this court is bound by the Tenth Circuit's determination that the MLLA's 90-day statute of limitations does not bar SUWA's NEPA claims in this action, which are subject to a six-year statute of limitations.

The court also is not persuaded by BBC's argument based on the equitable doctrine of laches. In *Park County*, the Tenth Circuit held that "'[l]aches must be invoked sparingly . . . . A less grudging application of the doctrine might defeat Congress's environmental policy.'" 817 F.2d at 617 (citations omitted). The court

11

explained that "'[a]n environmental action may be barred by the equitable doctrine of laches if (1) there has been unreasonable delay in bringing suit, and (2) the party asserting the defense has been prejudiced by the delay.'" *Id.* (citing *Jicarilla Apache Tribe v. Andrus*, 687 F.2d 1324, 1338 (10th Cir. 1982)).

BBC argues that SUWA unreasonably delayed for "more than twenty-eight months after the leases were issued to file their complaint," and that "while SUWA filed a lease protest, it filed no other administrative appeals following BLM's dismissal of its protests." However, the situation was more complex than BBC's portrayal.

First, SUWA filed an appeal with the IBLA for each of the four lease sales at issue in this case. SUWA filed its appeals on November 1, 2005 and later dismissed the appeals on April 3, 2006. *See, e.g., Southern Utah Wilderness Alliance*, IBLA 2006-41 (April 3, 2006) (Order, Appeal Dismissed). Second, following SUWA's dismissal of its IBLA appeals, on October 5, 2006 SUWA moved this court to amend its Complaint in *Southern Utah Wilderness Alliance v. U.S. Department of the Interior*, 2:06cv342 (DAK) (D. Utah) to add challenges to the February 2004, June 2004, and May 2005 lease sales. Because the BLM had suspended the 26 leases at issue in that case, the Court granted the government's motion to dismiss SUWA's complaint as moot. *See* Order, *Southern Utah Wilderness Alliance v. U.S. Dep't of the Interior*, 2:06cv342 (DAK) (D. Utah) (July 30, 2007).

The court also denied SUWA's motion to amend its Complaint to add "three additional Utah BLM oil and gas lease sales (involving 60 additional parcels) held between February 2004 and May 2005." *Id.* at 5.   SUWA filed the instant matter a little over six months after the court's decision in *Southern Utah Wilderness Alliance v. U.S. Department of the Interior* on January 23, 2008, and amended its Complaint to add the December 2004 lease sale on February 11, 2008.

Thus, this court cannot characterize this set of circumstances as constituting "unreasonable delay," and, in light of the strong presumption against applying laches to environmental actions, the court declines to apply this equitable doctrine to bar SUWA's claims in this action.

## IV.  CONCLUSION

For the foregoing reasons and good cause appearing, IT IS HEREBY ORDERED that Defendants' Motion to Dismiss [docket # 20], in which Bill Barrett Corporation joined, is DENIED.

DATED this 16th day of December, 2008.

BY THE COURT:

DALE A. KIMBALL
United States District Judge